(30 P.3d 323)

Nos. 86,505
86,506

CITY OF GIRARD, *Appellee,* v. CONNIE KAY CLINTON, *Appellant,*
CITY OF GIRARD, *Appellee,* v. ALLEN JAY CLINTON, *Appellant.*

Opinion filed August 24, 2001.

*Frederick R. Smith,* of Pittsburg, for appellants.

*Richard D. Loffswold, Jr.,* of Girard, for appellees.

Before RULON, C.J., PIERRON, J., and PATRICK D. MCANANY, District Judge, assigned.

RULON, C.J.: Defendants Allen Jay Clinton and Connie Kay Clinton appeal the district court's refusal to hear their appeals from their municipal court convictions. We reverse and remand for further proceedings.

The undisputed facts are as follows:

Defendants were convicted in municipal court on September 20, 2000. Defendants filed notices of appeal with the municipal court clerk on September 25, 2000, within the 10-day window of K.S.A. 2000 Supp. 22-3609(2). The municipal court clerk did not file the notices of appeal with the district court until October 17, 2000, well beyond the 10-day window of K.S.A. 2000 Supp. 22-3609(2). The district court refused to consider the case because defendants failed to "file the Notice of Appeal with the Clerk of the District Court within 10 days after the date of the judgment appealed from."

Defendants argue on appeal that their notices of appeal filed with the municipal court clerk were sufficient to confer jurisdiction on the district court under K.S.A. 2000 Supp. 22-3609(2). The district court held the statute requires a notice of appeal to be filed in the district court, not the municipal court. The existence of ju-

risdiction is a question of law over which this court's scope of review is unlimited. *Cypress Media, Inc. v. City of Overland Park,* 268 Kan. 407, 414, 997 P.2d 681 (2000). Likewise, the interpretation of a statute is a question of law over which this court has unlimited review. *Hamilton v. State Farm Fire & Cas. Co.,* 263 Kan. 875, 879, 953 P.2d 1027 (1998).

Defendants' interpretation of K.S.A. 2000 Supp. 22-3609 is a logical interpretation most consistent with case law and historical practice. K.S.A. 2000 Supp. 22-3609(2) provides:

"An appeal to the district court shall be taken by filing, in the district court of the county in which the municipal court is located, a notice of appeal and any appearance bond required by the municipal court. *Municipal court clerks are hereby authorized to accept notices of appeal and appearance bonds under this subsection and shall forward such notices and bonds to the district court.* No appeal shall be taken more than 10 days after the date of the judgment appealed from." (Emphasis added.)

The first sentence of K.S.A. 2000 Supp. 22-3609(2) unambiguously requires an appellant to file a notice of appeal with the district court clerk. The question in this case involves the meaning of the italicized sentence. Specifically, what does "accept . . . under this subsection" mean? The most logical interpretation requires us to equate "accept . . . under this subsection" with the filing required in the first sentence. As such, "accept . . . under this subsection" is read to make filing with the municipal court clerk equivalent to filing in the district court.

The City's interpretation of the second sentence suggests that while an appellant *could* file a notice of appeal with the municipal court clerk, the appellant could merely hope the papers would be forwarded. Such an interpretation would render the sentence meaningless because attorneys could not rely on the municipal court clerk's prompt action to preserve their appeals. Under such an interpretation, there would be no reason to authorize the municipal clerks to accept notices of appeal in the first place. There is a presumption that the legislature does not intend to enact useless or meaningless legislation. *KPERS v. Reimer & Koger Assocs., Inc.,* 262 Kan. 635, 643, 941 P.2d 1321 (1997).

The validity of a notice of appeal filed with the municipal court clerk is consistent with recent historical practice. When the legislature first enacted the modern version of K.S.A. 2000 Supp. 22-3609, appellants from municipal court were directed to file the notice of appeal with the municipal court clerk:

"An appeal to the district court shall be taken by filing a notice of appeal in the court where the judgment appealed from was rendered. No appeal shall be taken more than 10 days after the date of the judgment appealed from." L. 1970, ch. 129, § 22-3609(2).

Filing a notice of appeal with the district court as is presently required in the first sentence of K.S.A. 2000 Supp. 22-3609, was adopted in L. 1982, ch. 149, § 1. For a year following the 1982 amendment, this particular subsection included nothing that authorized a municipal court clerk to receive a notice of appeal. But in 1983, the subsection was again amended to create the current language authorizing the municipal court clerks to accept notices of appeal. L. 1983, ch. 115, § 1. There is nothing shocking about a rule allowing a notice of appeal to be filed with the municipal court clerk.

The City emphasizes the strong "mandatory" language in the first sentence of K.S.A. 2000 Supp. 22-3609(2) and then characterizes the second sentence as "directory." The City argues that the first sentence shows what is required and the second sentence merely "directs" the municipal court clerk how to act *should* a party file a notice of appeal with the municipal court clerk. The City makes a good point in arguing that the first sentence is strong mandatory language, but that position ignores the intent of the legislature in light of the presumption against meaningless legislation. See *Marais des Cygnes Valley Teachers' Ass'n v. U.S.D. No. 456*, 264 Kan. 247, 250, 954 P.2d 1096 (1998); *KPERS*, 262 Kan. at 643.

The logical interpretation of K.S.A. 2000 Supp. 22-3609(2) is consistent with case law and historical practice that allow a party appealing a municipal court judgment to file a notice of appeal with the municipal court clerk.

Reversed and remanded for further proceedings.